ESTATE OF WHITE: GULBANKIAN, Appellant, v. M & I BANK & TRUST COMPANY OF RACINE, Respondent.

*No. 88. Submitted under sec. (Rule) 251.54 June 5, 1975.—Decided June 30, 1975.*
(Also reported in 231 N. W. 2d 194.)

[6] *Boynton Cab Co. v. Neubeck* (1941), 237 Wis. 249, 296 N. W. 636.

For the appellant the cause was submitted on the brief of *Louis F. Gerard* and *Weber & Gerard,* all of Racine.

For the respondent the cause was submitted on the brief of *Richard C. Brodek* and *Kolbe, Sharp & Brodek,* all of Racine.

WILKIE, C. J. This is an appeal from an order removing a special administrator. Two issues are raised: Is the order appealable? Was the special administrator entitled to notice and hearing before removal?

The will of the deceased, which named appellant Akabe Gulbankian as personal representative, was filed for probate in the county court of Racine county. An objection to admission of the will was filed on behalf of the vice

consul of the USSR Embassy in Washington, D. C. The appellant then filed a petition for appointment of a special administrator and letters of special administration were issued to her. A guardian *ad litem* for the overseas heirs of the deceased was appointed.

Appellant contends that a pretrial conference was held on March 28, 1974. The record does not contain any reference to a pretrial conference. On the same date the trial judge removed appellant as special administrator and appointed the M & I Bank & Trust Company of Racine as her successor. The order of removal recited that the court had received additional information, had reconsidered the appointment, and was of the opinion that it would be in the best interests of all parties that a disinterested special administrator act during the pendency of the will contest.

## *Is the order appealable?*

Respondent argues that because an order appointing a special administrator is not appealable,[1] an order removing a special administrator is not appealable either. The respondent points out that removal is in the discretion of the trial court. The obvious reason for providing that an order appointing a special administrator is not appealable is to prevent a situation where the estate is subject to administration, but there is no one available to administer it. The same consideration does not apply to an order removing a special administrator, and there is no specific statutory provision rendering such an order nonappealable. Once a special administrator is appointed, he or she acquires the right to administer the estate during the pendency of the special administration, and to be compensated for that administration. An order removing a special administrator denies this right. The order affects

---

[1] Sec. 867.15, Stats.

a substantial right, is final and, being made in special proceedings, is appealable.[2]

*Was notice and hearing required?*

Respondent relies on sec. 867.21 (1), Stats., providing that a special administrator may be discharged with or without notice as the court determines. Sec. 867.21 has two subsections. The first applies when no personal representative is to be appointed, and provides:

> "The special administrator shall be discharged whenever the court is satisfied that he has properly performed his duties. . . . Discharge may be granted with or without notice as the court determines."

We construe the phrase "properly performed his duties" as meaning that the special administration has been completed. We hold this provision was intended to apply only where no further administration of the estate was contemplated. That is clear from the second subsection, which provides that the power of the special administrator ceases upon granting of letters to a personal representative.

If a special administrator is to be removed while special administration continues, sec. 867.21, Stats., does not cover the situation, because in such a case the special administrator has not "properly performed his duties." Fundamental notions of fair play require that a special administrator be given an opportunity to respond to any charges which in the court's mind justify removal. If, as the result of information which came to the court, either at a pretrial hearing or otherwise, it determined that arguable grounds existed for the removal of the special administrator, the court either should have invited a petition from another interested party to that effect, or

---

[2] Sec. 274.33 (2) (a), Stats.

should have issued its own order to show cause. Having failed to do either, the trial court abused its discretion in removing the special administrator.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.